IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EUGENIA L. WASHINGTON, )
)
Plaintiff, )
)
v. )
) C.A. No. 23-941-GBW
DONALD J. TRUMP, et al., )
)
Defendants. )

## MEMORANDUM OPINION

Eugenia L. Washington, Wilmington, Delaware. Pro Se Plaintiff.

April 22, 2024
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Eugenia L. Washington filed this action seeking to have Donald J. Trump removed from the 2024 presidential ballot on the grounds that he is constitutionally disqualified. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is

deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff asserts to have standing to bring this case based on her participation as a voter in the last twelve presidential elections, dating back to the 1980 election. Plaintiff is incorrect. The Third Circuit has squarely held that voters do not have standing to challenge an individual's eligibility to run for and serve as president. *See Kerchner v. Obama*, 612 F.3d 204, 207-09; *Berg v. Obama*, 586 F.3d 234, 238-39 (3d Cir. 2009); *see also Perry-Bey v. Trump*, 2023 WL 9051260, at *4 (E.D. Va. Dec. 29, 2023) (noting that "[f]ederal courts across the country have consistently held that individual citizens do not have Article III standing to challenge whether another citizen is qualified to hold public office," and collecting cases). Accordingly, this case will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.